Good morning. My name is William Braniff and I do represent the Appellant Defendant Roman Alarid. I've raised three issues on appeal. I'd like to submit on the first two issues, not because I don't think they're important, in fact I think they're very important, even in considering the third issue. The first issue I did raise was the one of the evidence clearly showing there was no connection between the firearms and the narcotics offense. Again, I submit on the briefs but I ask the court to consider that on the third argument. My second point was that the court erred as a matter of law in not rejecting this enhancing factor of the firearm because of sentencing entrapment. That is, the whole situation was manipulated by the agents to create the proximity of the drugs and the firearms. In this case where there was, in effect, a broker, the government takes a position, the court below took the position, that Mr. Alarid was somehow a broker dealing in commodities. Certainly the drugs were an illegal commodity, yes. And the guns, in many instances, were an illegal commodity, certainly under these circumstances. But they were parallel transactions. They were not connected to each other. They were dictated solely by the agents who were doing the ordering. We'll take this on this day, specifically the prices are negotiated, and the drugs, the prices are negotiated. There's no interrelationship between those transactions. And the mere fact that the agent dictates the time and place of the deliveries so that they're at the same time and place, we say is sentencing entrapment. The final point I raised was the Blakeley issue. And at the time we had the Ninth Circuit precedent in Ammaline. I submit that in light of Booker, Ammaline remains the law, certainly as to the first part of Ammaline. That is, the sentencing guidelines are unconstitutional as applied in that situation where a judge makes the findings of fact that have the consequence of dictating statutory maximums, and I would submit minimums, of sentencing by establishing sentencing guidelines that the judge is required to follow unless he comes up with a departure. The only difference between Ammaline and the case decided after the submission of briefs, United States v. Booker, is the result. What do they do to remedy this unconstitutional process? In Ammaline, the court said, what we do is we have juries decide these facts, and then the consequences, that is, the mandatory sentencing guidelines, can apply. Under Booker, the court said, no, you don't have juries find them. You simply take away the mandatory requirement so that judges will exercise their traditional judgment. Yes, they must look at the guidelines. Yes, they must look at the factors. But the ultimate decision is a sentencing judge's decision, what is the appropriate sentence. And I would submit that under Ammaline, Mr. Allered has standing to raise the issue on appeal. And the resulting constitutional violation was he did not have a sentencing judge who felt he had the ability to sentence Mr. Allered in an appropriate manner without going outside the guidelines. What was the sentencing range with the enhanced, with the firearm enhancement? I believe it was 130 to 167 months. He was given 130. 130. What would the sentencing range have been without the firearms enhancement? I believe it would have been 120 to 130, 110 to 130. I'm a little bit unclear about that. That sounds right to me. Yes, but 130 is the point of the upper range without the guideline, without the enhancement, and the lower range with the enhancement. Would you use the phrase statutory maximums? Yes. Are you referring to the statute that defines the crime by Congress, or are you referring to guideline rules? I'm referring to the guideline rules. Well, that's not a statutory maximum. Well, I believe that under Booker, the Supreme Court, and under Blaker, you say there is statutory maximum. Maybe they made a mistake because it isn't statutory. Well, I didn't. Is it statutory? Where's the statute? Sentencing guidelines is a statute. And it sets the guidelines that the judge might follow. But they said that they're no longer mandatory. How can you have a statute that's not mandatory? No. The only way they saved it constitutionally was to strike portions of the statute. I'm on your side. No, I'm not arguing with you. I'm on your side. Your Honor, I followed the penalty the same way the Court, this Court followed it. Your Honor is following it, apparently. So, I mean, Blakely surprised me. And then Booker was a necessary consequence. So I agree with you. That's what we used to meet. But under Blakely and now Booker, statutory maximums refer to any guideline system that is mandatory. And the only way the Supreme Court saved it was to strike the mandatory requirements. Judge Jones did not feel he had the same discretion. A constitution required discretion to make the process valid. So I would submit a sentencing, resentencings required under those circumstances. We have a few minutes left. Would you like to save it for rebuttal? I would, Your Honor. Thank you for your argument, counsel. Good morning. Good morning, Mr. Miller. Good morning, Your Honors. May it please the Court, Steve Miller for the United States. Is there more than one AUSA in your district with your last name? No. Okay. However, there are many Steve Millers around the country. And I get emails from Chicago, Virginia. Okay. And the Secret Service almost took me into detention because they thought that I was in New York on a conference. And I had the eastern district, the Manhattan assistance, Steve Miller's name tag, and didn't notice I had the wrong city. So I thought they were interloping on that. Go ahead. It includes my doctor. Oh. Steve Miller includes my doctor. Yes. It's a good name. Go ahead with your argument, counsel. Thank you, ma'am. Since the decision on Booker, sentences are reviewed for reasonableness. Now, sentences imposed prior to the decision in Booker that are pending appeal are reviewed for harmless error that are then guided by reasonableness. Now, the reasonableness, as in the language of Booker, shows that reasonableness will be gauged by the sentencing guidelines. And in this case, there's harmless error because the guidelines in this case calculated the defendant's range of 130 to 162 months. He was sentenced to 130 months. Within the sentencing guidelines, that's presumptively reasonable. Therefore, the error, any error, was harmless. He was sentenced at the absolute bottom of the guidelines at a time when he thought those brackets constrained his discretion. Is that correct? Yes. But in this case. Based on a finding the jury didn't make. That is correct. But in this case. Why isn't that a Booker bullseye? Because there are other factors or circumstances that allows this court to deduce that the intent of the district court was that he was going to impose that sentence anyway. In this case, the plea agreement. Did Judge Jones say anywhere in the record. This is this would have been my sentence, even if there weren't any guidelines. No. But what he in this plea agreement, the defendant was given a plea agreement that allowed him to reduce the minimum mandatory from 120 to six months to 60 months. And the primary purpose behind that was when he was indicted for the 120 minimum month minimum mandatory. The guidelines were subsequently changed to permit a reduction to base offense level 30. And in order for him to avail himself of that reduced base offense level and give him incentive and the benefit of that reduced offense level. He was given the opportunity to have a reduced minimum mandatory. Seek downward departures. Seek downward adjustments and oppose the upward adjustment for the possession of the gun. And he availed himself of all of those. And in this case, he asked for a minimal rather than a minor role. He asked for a downward departure for overrepresented criminal history category. And he opposed the upward adjustment for the gun. Now, the. The argument in this case that it was not connected. Or that it was improbable that was connected with the drug offense was the first time that it was was never raised in lower court. This appeals the first time it was ever raised. And if you look on the defendant's objections, which are in the supplemental or in the excerpt of records on page 26, his specific objections to that were that he did not possess the weapons. He did not occupy the car where the weapons were recovered. He did not witness the delivery. And he did not know that Kirby was dealing weapons. So now the approach that it was improbable that was in a connection is the first time raised on this appeal. And are you asking that we review for reasonableness the decision of the district court? I'm asking you to review for harmless error as guided by reasonableness. That. Booker was that now the sentences will be reviewed for reasonableness. Those that are in the pipeline before this was decided are now going to be reviewed for harmless error. And the harmless error will be guided by reasonableness. And in this case, the 130 months is not an unreasonable sentence, especially under the circumstances of this defendant's conduct. Well, what bothers me is how we can review for reasonableness decision of the district court when a district court didn't realize, understandably, that he was not bound by the guidelines. Well, I understand that. And whether to remand in light of what I believe the record shows as a reasonable sentence will be left to this court, because now there's a lot of hammering out that has to be done with the Booker decision, especially since so many had been stayed and held in abatement pending that decision. But in this case, we have a court that reviewed all the circumstances that had all the mitigating and aggravating factors in evaluating the sentence. The defendant asked for a minimal role. And then this was in light of the fact that he, that the court was aware that he was no longer bound by the 120-month minimum mandatory, that he was able to depart down to 60 months, that he was reviewed whether or not he had a minimal role. And he denied that. He reviewed whether or not he should depart and give the defendant a further benefit of his bargain, give an underrepresented criminal history category, as well as the gun enhancement. Now, in this case, if you looked at the beginning of the sentencing, the probation officer made a comment saying, well, we put that in the pre-sentence report even though it's against the plea agreement. The court then said, well, I think that the gun enhancement is appropriate, but if I believe that it's against the plea agreement, and then I pointed out that the plea agreement said, no, Your Honor, I reserve the right to seek it. He reserved the right to oppose it. And from what we can deduce from the lower court's statements is that he was given the opportunity to review that, and he imposed it, and then he believed that it was an appropriate adjustment in evaluating the overall reasonableness of the defendant's sentence. Okay. I think we've got your argument well in hand. Let's pick up just one question. You have a question? The Supreme Court has said from now on, all sentences have to be reasonable. Yes. That's a test. Yes. Does that change the complexion of this case? When we don't know what the trial judge was thinking when he sentenced, how can we determine that it's reasonable? If we don't know and he didn't know. The Booker decision said that the constitutional infirmity of the guidelines was that it's … Well, you can go that far. I understand. Right. But it still has to be reasonable. And how can it be reasonable when he considers something that he shouldn't have considered? Well, one, there was nothing improper about him considering it. If he said that I'm going to sentence him to these terms without any consideration whatsoever of the firearms, that would probably be okay. But in this case, he didn't do that. He considered the firearm unreasonably. Yes. But the Booker decision said that now sentences are going to be reviewed for reasonableness, but reasonableness will be gauged by the now advisory guidelines. And it's the position of the government that sentences within the guideline range are presumptively reasonable. See, reason goes beyond written words. Oh, certainly. And the guidelines try to, for the last 15 years, have tried to condense and adjust the sentences so that there would be some kind of uniformity around the country, because reasonableness on the East Coast may very well be different from the East Coast. What did they say then? They have to be uniformity throughout the country. No. The Booker didn't say that. They didn't say that, did they? But the primary policy and purpose of the guidelines was, from the history, was to try and increase uniformity, because there were some disparate sentences among different jurisdictions. Okay. I think we have your argument well in hand. Let's hear rebuttal. If you'll replace that microphone, counsel. Thank you very much. I think Mr. Miller's fame comes from the fact that his father was the first U.S. attorney in the Southern District of California, and I had the good fortune of succeeding him at one point. Mr. Miller is trying to raise from the dead the sentencing guidelines back to a mandatory requirement. That is, they're presumptively reasonable, and therefore, if it's within the guidelines, they're reasonable. The question really should be turned to the reverse. If Judge Jones had sentenced Mr. Allered to 110 months in custody, taking into consideration the fact of this dubious connection between the firearms and the narcotics and the argument about sentencing enhancement, could this Court say that was unreasonable? Because unless the Court said it was unreasonable, then there would be a valid sentence. Mr. Allered never had that opportunity to get that, because under the law, and we have to assume Judge Jones was following the law, he felt he had no discretion to go below 130 months, and that was the sentence. You know, the fact that the government gave Mr. Allered a good deal doesn't say that the resulting sentence was the sentence Judge Jones would have given him if he felt he had his discretion. That's all we ask. Send the case back, Judge Jones taking into consideration all the facts, exercise his independent judgment. He can look to the guidelines as some presumption of reasonableness or whatever, but ultimately, it's going to be his decision to make a sentence that's appropriate, and that's all we ask. Thank you. Okay. Good point, Dan. Thank you for your argument. Thank both counsel for your arguments. They were very helpful. The Court's going to stand in recess for about 10 minutes. The next case up is Cooper Engineering. Wes Chester, Fire Insurance Company of Counsel, can come forward and be ready when we return. We'll be back in about 10 minutes. All right.
judges: Hug, Ferguson, Hawkins